

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00058-CV

---

IN RE SHAWNEE CREEK LAND OWNERS ASSOCIATION, ET AL.

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Shawnee Creek Landowners Association, Inc., et al. (collectively Relators), have filed a petition for a writ of mandamus, asking this Court to grant their petition and to direct the Honorable Jeff M. Addison,[1] presiding judge of the 102nd Judicial District Court of Red River County, to vacate its order denying Relators' Rule 91a motion to dismiss and to enter an order dismissing Real Parties in Interest's (collectively the Landowners) claims, in full or in part. We deny Relators' requested mandamus relief.

## I.      Background

On February 22, 2023, the Landowners filed a lawsuit against Relators, asserting claims for (1) declaratory judgment, (2) breach of restrictive covenants, (3) violation of Section 12.002 of the Texas Civil Practice and Remedies Code, (4) violation of the Texas Debt Collection Act, (5) trespass, and (6) agency, conspiracy, and respondeat superior. In addition to their request for declaratory relief, the Landowners asked for actual, consequential, special, and exemplary damages and attorney fees. On April 26, 2023, Relators filed a motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure, arguing that the claims raised in the Landowners' original petition were baseless in fact and in law. After a hearing,[2] the trial court denied Relators' motion to dismiss.

---

[1]Both the Relators and the Real Parties in Interest incorrectly refer to the Respondent as the Honorable Jeff M. *Anderson*. The Honorable Jeff M. *Addison* is the current presiding judge of the 102nd Judicial District Court of Red River County and signed the order at issue in this case.

[2]Although the parties refer to the hearing on Relators' motion to dismiss, and the trial court's order denying the motion states that a hearing was held, a transcript of the hearing was not included in the mandamus record.

**III.     Relators' Petition for a Writ of Mandamus**

Relators filed a petition for a writ of mandamus, claiming that the trial court abused its discretion by failing to dismiss all the Landowners' causes of action and asking this Court to order the trial court to vacate the order denying its motion to dismiss. Relators also requested that this Court enter an order dismissing the Landowners' claims, in full or in part.

The Court, having examined and fully considered Relators' petition for a writ of mandamus, the Landowners' response, Relators' reply, the mandamus record, and the applicable law, is of the opinion that the mandamus petition should be denied.

**III.     Conclusion**

Accordingly, we deny Relators' petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     August 24, 2023
Date Decided:       August 25, 2023